UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE SHOULDERS,<br><br>Defendant. | 5:17-CR-50090-02<br><br>**ORDER DENYING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Jamie Shoulders, filed a pro se motion to reduce sentence, Docket 387, and a motion through his counsel for reduction in sentence under amendment 821, part A to the United States sentencing guidelines, Docket 389. Shoulders requests a reduction of his sentence pursuant to new retroactive Sentencing Guidelines provisions. *Id.* Plaintiff, the United States of America, objects. Docket 391. Shoulders filed a brief in reply to the United States's objection. Docket 393. For the following reasons, Shoulders's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach[.]" *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to

1

whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On August 21, 2019, the court sentenced Shoulders to 300 months in prison for second-degree murder in violation of 18 U.S.C. §§ 1111, 2, and 1153. Docket 299. Shoulders obtained two "status points" for committing the instant offense while under a criminal justice sentence. Docket 282 at 29. Shoulders's Guideline range, based on a total offense level of 35 and a Criminal History Category of III, was 210 to 262 months in custody. *Id.* at 50. The court imposed a sentence of 300 months based on an upward departure of two levels and an upward variance based on the court's analysis of the 18 U.S.C. ¶ 3553(a)

2

factors. Docket 299-1 at 2-3, 5. The Eighth Circuit Court of Appeals affirmed the district court on appeal, finding that there was no procedural error in the court's analysis. *United States v. Shoulders*, 988 F3d 1061 at 1063 (2021).

On September 23, 2024, Shoulders filed a pro se motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 387 at 1. On September 30, 2024, counsel for Shoulders filed a notice of intent to submit supplemental briefing on the pro se motion. On October 15, 2024, defense counsel filed a motion for sentence reduction under Amendment 821, Docket 389, and a motion to withdraw the notice of intent to submit supplemental briefing, Docket 390. In the motion to withdraw the notice of intent to submit supplemental briefing defense counsel acknowledged that "Shoulders's *pro se* motion filed at Doc. 387 does not request relief under Amendment 821." *Id.*

Shoulders believes he qualifies for a sentence reduction under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history "status points" previously applied when a defendant commits a federal offense while under a criminal justice sentence. He requests a sentence term of 188 months or no more than 269 months custody. Docket 389 at 1.

### I.      U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

3

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Shoulders meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With the reduction, Shoulders would receive zero "status points," which would give him a total of two criminal history points and result in him being in Criminal History Category II. The advisory guideline range would then be 188 to 235 months before the two-level upward departure. With the application of the two-level upward departure under U.S.S.G. §§ 5K2.1 and 5K2.6, Shoulders's amended advisory guideline range would be 235 to 293 months. Docket 389 at 1.

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10, cmt. n.1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

When considering the § 3553(a) factors, the Court must consider public safety. The sentencing court[1] described the instant offense as Shoulders "indiscriminately firing a gun into the victim's van, killing him and seriously endangering two other occupants of the van." Docket 299-1 at 5. It further found that Shoulders "fled the scene immediately after killing the victim, callously leaving one other occupant of the van alone at the scene to deal with the aftermath." *Id.* Shoulders's actions "not only killed the victim, but also caused an extreme risk of death to the other two occupants of the van." *Id.* The sentencing judge noted the extreme nature of the offense and the need to protect the community from future crimes by Shoulders. *Id.* After a thorough review of the record, this court shares the sentencing judge's concerns about Shoulders's egregious and unprovoked actions that left one person dead and two others traumatized.

This Court next looks at the defendant's post-sentencing conduct. While incarcerated, Shoulders has been sanctioned for non-compliant behavior, including possession of buprenorphine and refusing several work or program assignments. His tendency toward violence has continued, and he has been sanctioned twice for fighting with two different inmates, fighting with another person, and assaulting another inmate without serious injury. Docket 391 Exhibit A. While the court recognizes that Shoulders has also completed programming while in custody that shows his motivation to better himself, those efforts are not enough to reduce his sentence, given the extremely

---

[1] Shoulders was sentenced by Judge Jeffrey L. Viken, now retired.

disturbing offense conduct and his ongoing disciplinary problems while in custody.

Based on the above, this Court finds that Shoulders continues to pose a significant threat to public safety and denies his motion for a sentence reduction.

## CONCLUSION

Therefore, it is

ORDERED that Shoulders's motion, Docket 389, is denied; it is further

ORDERED that the pro se motion filed at Docket 387 is denied as moot; and it is further

ORDERED that defense counsel's motion to withdraw filed at Docket 390 is granted.

Dated January 21, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE