UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMIE SHOULDERS,<br><br>  Defendant. | 5:17-CR-50090-02<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)** |

On May 12, 2025, Defendant, Jamie Shoulders, filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Docket 401. Plaintiff, the United States of America, opposes the motion. Docket 403. For the following reasons, Shoulders' motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied.

## DISCUSSION

### I. Applicable Law

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. *Id.* Compassionate release allows defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must consider the § 3553(a) sentencing factors and be consistent with

1

applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-Process/amendments-in-brief/AIB_814.pdf (last visited Dec. 28, 2023).

## ANALYSIS

First, it does not appear that Shoulders has fully exhausted all of his administrative rights to appeal as contemplated by 18 U.S.C. § 3582(c)(1)(A) as there is no evidence in the record that indicates he submitted a request for compassionate release to the warden of his facility. Thus, his claim fails for failure to exhaust his administrative remedies.

Even if Shoulders could show that he had properly exhausted his administrative rights, Shoulders does not provide any facts or argument in his current motion that set forth grounds for relief pursuant to 18 U.S.C. §

3582(c)(1)(A). Instead, Shoulders references "recent amendments to the Sentencing guidelines [that] require the application of U.S. Sentencing Guidelines §§ 5K2.1 and 5K2.6." Doc. 401 at 2. These sections were unchanged by the November 2024 amendments and remain consistent since his sentencing, and the Eighth Circuit's decision finding that his sentence of 300 months was substantively reasonable and adequately supported by the Court's record. *Shoulders*, 988 F.3d at 1064-65. Thus, Shoulders has not met his burden to prove that extraordinary and compelling reasons warrant a reduction in sentence.[1]

## CONCLUSION

Therefore, it is

ORDERED that Shoulders' motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), Docket 401, is denied.

Dated October 7, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Shoulders has previously argued for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Docs. 387 and 389. Many of the arguments he made in those motions are similar to the arguments he has made here. After considering the record and Shoulder's post-sentencing conduct, the Court denied those motions, finding that despite Shoulder's efforts to better himself while in custody, "those efforts are not enough to reduce his sentence, given the extremely disturbing offense conduct and his ongoing disciplinary problems while in custody" and ongoing risk to the public. Doc. 394 at 5-6. That decision is currently on appeal to the Eighth Circuit. Doc. 397.